MARCUS, Judge.
Don Latil and A. N. Ezell formed Quality Plumbing Company, Inc., to engage in the plumbing business in the City of Baton Rouge. They agreed to lease a building which was to be built by A. N. Ezell’s *913 brother Emile G. Ezell at 4109 Choctaw Drive. In order to expedite completion of the building and as part of the consideration of the lease, Don Latil assisted Emile Ezell by obtaining bids from sub-contractors on portions of the construction of the building.
In February, 1965, Don Latil brought the plans for the building to plaintiff’s place of business and asked to be quoted a price for the installation of the floors and acoustical ceiling. Mr. George H. Clyburn, Jr., who was at that time vice-president of Swen-son-Clyburn, spoke with Latil and offered to do the work for $1,157.00. Subsequently, Swenson-Clyburn was notified that the bid had been accepted, and the work was promptly performed. Payment for the work was never made, so on March 1, 1966, this suit was filed. In May, 1966, Emile G. Ezell was adjudicated a bankrupt, and he included in the list of his unsecured creditors a promissory note payable to the plaintiff and dated February 28, 1965 in the amount of $1,157.00, payable in 30 days with 8% interest per annum.
In this suit plaintiff contends that it contracted with Quality Plumbing Company, Inc., and not with Emile G. Ezell. After a full hearing of the evidence, the trial court found that plaintiff had failed to establish that it had been led to believe it was dealing with Quality Plumbing Company, Inc., and therefore plaintiff’s suit was dismissed. From this adverse judgment plaintiff has appealed.
George H. Clyburn, Jr., testified that he did not know that Emile G. Ezell was the owner of the building on which the work was done. He recalled that the plans he had seen bore only the name Quality Plumbing Company, and he introduced into evidence the “take-off sheet” on which his bid had been prepared. Across the top of the sheet he had written “Quality Plumbing Company- — Don Latil.” As further evidence he produced a work order sheet and an invoice, both of which referred only to Quality Plumbing Company, with no mention of Emile G. Ezell. Clyburn testified that Latil had come in twice: once for the estimate and again to pick up some color samples, and that Emile G. Ezell had never discussed the job with him. He insisted that Latil had never told him to bill Emile Ezell for the work.
Lynn Brekeen testified that he ran plaintiff’s office and was responsible for invoicing and collecting. He recalled making numerous calls to Latil over a period of six to ten months. He said Latil never told him to bill Ezell, but always told him that he and Wayne Swenson (plaintiff’s president) had “taken care of it”. He testified that he had delivered to Quality Plumbing Company a promissory note payable to the plaintiff, and left it to be signed on behalf of Quality Plumbing Company.
Wayne D. Swenson, plaintiff’s president, testified that he generally does not become involved in collections unless difficulty is encountered. He recalled meeting Latil and asking him about the debt, and he said Latil told him he would see that plaintiff got paid. At this point the trial court asked, “That is a little bit different from saying that he will pay it?” Swenson answered as follows :
“I wasn’t saying that he was saying it as a personal, I was saying that he acknowledged the debt, no matter who it was.” Tr. 56.
Swenson testified that Latil had never told him to bill Ezell, and that he had not known Ezell owned the building until a long time after the work was completed.
Swenson at first said that he recalled getting a note from Quality Plumbing Company, but could not recall who had signed it. Under cross-examination, however, he said that Lynn Brekeen delivered the note to Quality Plumbing Company, but that he didn’t know whether he ever got the note back. He said he had searched for the note but had been unable to locate it.
*914 Don Latil emphatically stated that he informed Mr. Clyburn at the outset that Quality Plumbing Company was leasing the building from Ezell and that he was only getting prices for Ezell. He testified that it was Mr. Ezell who called plaintiff to authorize the work. Latil said he wrote to Swenson calling attention to the fact that the job should be billed to Ezell. He denied that Quality Plumbing Company had signed a note for the work, and insisted that a note had been given by Ezell personally. He asserted that he had never promised to pay the obligation, but had only promised to try to get Ezell to pay it.
Latil pointed out that of the numerous sub-contractors he had contacted about working on the building, plaintiff was the only one claiming not to have known that Latil was only securing bids on behalf of Emile Ezell. He testified that he told Lynn Brekeen: “You tell Wayne Swenson that he knows that this is not my debt.”
Emile G. Ezell verified that he had agreed to construct a building and lease it to Quality Plumbing Company. He stated that Don Latil had procured estimates from numerous sub-contractors for him in return for three months of rent-free occupancy which he had promised to Quality Plumbing Company. Ezell testified that he went 'to plaintiff’s place of business, that he spoke to Mr. Clyburn, and that he personally had authorized the doing of the work.
Ezell further testified that he called Mr. Swenson and told him he was responsible for the debt, but that the note Mr. Swen-son sent to him had Quality Plumbing Company on it so he did not sign it. Instead he went to Swenson’s office and signed a personal note for the debt.
Defendant’s attorney, Peyton Parker, took the stand to testify that he had represented Mr. Ezell in the bankruptcy proceeding and that, under his usual office procedure, the description of the note listed in Mr. Ezell’s bankruptcy schedule would have been obtained from Swenson-Clyburn, which tended to verify Mr. Ezell’s statement that he had given his own note to plaintiff and to belie Mr. Swenson’s statement that he could not recall receiving any note from Ezell.
In seeking payment from Quality Plumbing Company, plaintiff urges the applicability of the rule that an agent who does not disclose that he contracts as agent for another renders himself personally liable on the contract. Defendant does not dispute this legal principle, but argues that plaintiff was in fact informed that Don Latil merely acted as agent for Emile G. Ezell.
There are two versions of the facts contained in the testimony. Plaintiff’s witnesses Clyburn, Brekeen, and Swenson claim that Don Latil never told them that he was only obtaining bids for Emile G. Ezell. Latil and Ezell each assert that they did inform plaintiff that the work was to be done for Ezell and charged to him. The trial court had the benefit of observing the witnesses as they testified, and he apparently accepted defendant’s version of the case as true. After a careful review of the record, this court can find no error in the trial court’s judgment that the plaintiff failed to carry the burden of proving its case by a preponderance of the evidence. Accordingly, the judgment of the lower court is affirmed at appellant’s costs.
Affirmed.